EDWINA E. DOWELL, #149059
Assistant U.S. Trustee
JOHN S. WESOLOWSKI, #127007
EMILY S. KELLER, #264983
Office for United States Trustees
United States Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone:   (408) 535-5525
Fax:              (408) 535-5532
Attorneys for August B. Landis
Acting United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>AUTO CARE MALL OF FREMONT, INC.,<br>a California corporation,<br><br>Debtor. | Case No.  12-56050 SLJ<br><br>Chapter 11<br><br>Date:   August 30, 2012<br>Time:  1:00 p.m.<br>Place: Courtroom 3099 |

**OBJECTION OF ACTING UNITED STATES TRUSTEE TO SECURED CREDITOR BANK OF MARIN'S MOTION FOR ORDER (1) EXCUSING RECEIVER FROM COMPLIANCE WITH 11 U.S.C. §§ 543(a) AND 543 (b)(1), (2) GRANTING RECEIVER AUTHORITY TO OBTAIN CREDIT, USE CASH COLLATERAL, AND INCUR DEBT, AND (3) GRANTING RELIEF FROM THE AUTOMATIC STAY [§362]**

To the Honorable STEPHEN L. JOHNSON, United States Bankruptcy Judge:

Acting United States Trustee August B. Landis objects to creditor Bank of Marin's motion seeking to excuse a state court receiver from compliance with her duties as a custodian to turn over and account for estate assets, and requesting authority for the state court receiver to exercise case administration powers vested exclusively in trustees appointed under applicable provisions of the Bankruptcy Code.[1] The motion impermissibly seeks to allow the state court

---

[1] 11 U.S.C. §§ 101 - 1532, as amended.   Unless otherwise noted, the word "section" refers to the corresponding section of the Bankruptcy Code.

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief from Automatic Stay

receiver to continue to act as a receiver for an indefinite period of time during the administration of this bankruptcy case. The motion also seeks to improperly cloak the state court receiver with power to obtain credit, use cash collateral, and incur debt. Those powers are expressly conferred upon, and are vested exclusively in, trustees appointed under controlling provisions of the Bankruptcy Code. After appropriate consideration of the best interests of all creditors of this estate, the Court should either (a) dismiss this bankruptcy case; (b) suspend all proceedings in this bankruptcy case until the receivership case has reached its conclusion, at which point the Court will be able to readily determine whether further bankruptcy proceedings are warranted; or (c) require the Receiver to account for and turn over all property of the estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed). This objection is based on the pleadings and papers filed in this case, and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Debtor Auto Care Mall of Fremont, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 15, 2012.

2. The United States Trustee incorporates all pleadings filed in this case into this motion and requests that the Court take judicial notice of those pleadings.

3. The primary asset of the bankruptcy estate is a single improved parcel of real property commonly known as 40851 - 40967 Albrae Street, Fremont, CA 94538 (the "Property"). Schedules A and B, Docket # 1, pp. 8 - 11.

4. Bank of Marin ("Creditor") entered into two business loan agreements with the Debtor, one for $6,000,000 and the other for $250,000. Those loans are secured, respectively, by the first and second deeds of trust on the Property. Exhibits 1, 2, 3, 4 and 5 to Kindred Decl., Docket #11.

5. Debtor defaulted on the loans by, among other things, continuing to collect rents but becoming delinquent with the monthly payments to the Creditor, and failing to pay county-assessed property taxes. Uecker Decl., Docket # 13; Chiang Decl., Docket # 15.

6. On May 18, 2012, the Superior Court granted Creditor's application for an order

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay

Case: 12-56050  Doc# 22  Filed: 08/28/12  Entered: 08/28/12 14:47:00  Page 2 of 9

appointing Susan L. Uecker to serve as a receiver,[2] noting that " . . . .(1) the Debtor failed to pay the sums due and owing to Bank of Marin and real property taxes, but continued to collect the rents, issues and profits generated by the Property, and (2) in order to keep the Property operating, it was critical to have the Receiver in place to pay appropriate expenses, to handle repair problems, to retain existing tenants, and to attract new tenants to fill vacancies." Creditor's Motion, p. 7, l. 24 - p. 8, l. 2.

7. According to the Superior Court Order, there was no opposition to Creditor's motion for the appointment of a receiver. Exhibit A, p.2, l.5 to Uecker Decl.

8. The Receiver's activities since the Superior Court granted Creditor's motion and entered an appointment order are detailed in her declaration, which was filed with this court in support of Creditor's motion (*e.g.*, determining the Debtor's actual financial situation, payment of utility bills, and preparing vacant units for lease). Uecker Decl., ¶¶ 3, 4, 8, 9, 10.

9. Because she was appointed by a state court to serve as a receiver prior to the commencement of this bankruptcy case, the Receiver is a "custodian" as that term is defined by the Bankruptcy Code. *See* 11 U.S.C. §101(11)(A). Having filed a declaration with the Court in support of Creditor's motion, there is no question that the Receiver has actual knowledge of this bankruptcy case.

10. Controlling provisions of the Bankruptcy Code require a custodian, upon learning of the commencement of a bankruptcy proceeding, to turn over property of the estate to the debtor-in-possession (or to the trustee if one has been appointed), and to provide an accounting for "any property of the debtor, or proceeds, product, offspring, rents, or profits of such property that, at any time, came into the possession, custody, or control of such custodian." *See* 11 U.S.C. § 543(b)(1). Turnover has not occurred, and no accounting has yet been provided by the Receiver in this case.

11. The Bankruptcy Code does provide bankruptcy courts with the discretion to excuse custodians from compliance with their turnover and accounting obligations if doing so would

---

[2] Ms. Uecker is referred to as the "Receiver" in the balance of this Objection.

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay

Case: 12-56050   Doc#: 22   Filed: 08/28/12   Entered: 08/28/12 14:47:00   Page 3 of 9

serve the interests of all creditors.³ *See* 11 U.S.C. § 543(d)(1). The duration of excused compliance should not be indefinite, though, and should be limited to the period of time necessary to enable the bankruptcy court to determine whether to dismiss or suspend the bankruptcy case in light of the pending receivership case:

> Once the bankruptcy case commenced, however, the receiver's status as a receiver raises a serious question. Under 11 U.S.C. §105(b), a bankruptcy court may not appoint a receiver. Under 11 U.S.C. §543(d), the bankruptcy court may temporarily permit a receiver to remain in place while the court decides whether to abstain to the receivership proceeding, or instead require the receiver to turn over the property of the estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed). *See* In re Plantation Inn Partners, 142 B.R. 561 (Bankr. S.D. Ga. 1992). Allowing Wedren to continue indefinitely as receiver thus appears to be inconsistent with the Bankruptcy Code. *See* Plantation Inn Partners, 142 B.R. at 564. Had Wedren been put in place by this court to replace prior management, he would have been appointed trustee, not receiver, because §105(b) bars the appointment of a receiver to run the debtor.

In re Stratesec, Inc., 324 B.R. 156, 157 (Bankr. D. Colo. 2004).

12. To the extent that Creditor's motion seeks to indefinitely excuse the Receiver from compliance with her turnover and accounting obligations as a custodian under 11 U.S.C. § 543(b), it runs afoul of the Bankruptcy Code's specific prohibition against the appointment of a receiver to operate the debtor during a bankruptcy case, and should be denied. *See* Stratasec, 324 B.R. at 157; 11 U.S.C. § 105(b).⁴ If the Court determines after notice and a hearing that the Receiver should be excused from compliance with her turnover and accounting obligations as a custodian under 11 U.S.C. § 543(b), compliance should be excused only for so long as is necessary to allow the Court to decide whether it is in the best interest of creditors to (a) dismiss

---

³The Creditor claims that all creditors will benefit from its motion to keep the Receiver in place. The Receiver is not an equity receiver, though, having been appointed pursuant to the Creditor's motion, and solely as a remedy for default under the Creditor's loan documents. *See* Creditor's Motion, Docket #11, p.2, l.9; p.4, l.3; p.5, l.2; p.8, l.21.

⁴If the Receiver were indefinitely excused from turnover, there would be virtually nothing in the bankruptcy estate to be administered for the benefit of creditors, and cause would exist to dismiss or convert the case. 11 U.S.C. § 1112(b)(4)(A). In fact, the United States Trustee may be compelled to seek such relief. 28 U.S.C. § 586(a)(8).

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay 4

Case: 12-56050 Doc #: 22 Filed: 08/28/12 Entered: 08/28/12 14:47:00 Page 4 of 9

this bankruptcy case; (b) suspend all proceedings in this bankruptcy case until the receivership case has reached its conclusion, at which point the Court will be able to readily determine whether further bankruptcy proceedings are warranted; or (c) require the Receiver to turn over the property of the estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed). *See* Stratesec, *supra*; *see also* 11 U.S.C. § 305(a)(1).

13. To the extent that Creditor's motion seeks to vest the Receiver with certain case administration powers, including the authority to obtain credit, use cash collateral, and incur debt, it violates controlling provisions of the Bankruptcy Code and must be denied for several reasons. First, a custodian with knowledge of the commencement of a bankruptcy proceeding "***may not make any disbursement from, or take any action in the administration of, property of the debtor [. . . . .] or property of the estate, in the possession, custody or control of such custodian***, except such action as is necessary to preserve such property." *See* 11 U.S.C. § 543(a)(emphasis added). Second, authority to obtain credit, use cash collateral, and incur debt are case administration powers expressly conferred upon and vested exclusively in trustees appointed under controlling provisions of the Bankruptcy Code (or debtors in possession if no trustee has been appointed). Those powers are not conferred upon custodians. *See, e.g.,* 11 U.S.C. §§ 363(b)(1)("***The trustee***, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate [. . . .]; 363(c)(1)("[U]nless the court orders otherwise, ***the trustee*** may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."); 363(f)("***The trustee*** may sell property under section (b) or ( c) of this section free and clear of any interest in such property of an entity other than the estate" if certain conditions are met); 363(g)("***[T]he trustee*** may sell property under subsection (b) or ( c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy."); 364(a) ("[U]nless the court orders otherwise, ***the trustee*** may obtain unsecured credit and incur unsecured debt in the ordinary course of business [. . . . .]; 364(b) (The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or incur unsecured debt other than under subsection (a) of this

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay

Case: 12-56050    Doc #: 22    Filed: 08/28/12    Entered: 08/28/12 14:47:00    Page 5 of 9

section [. . . .]); *and* 364(c)*(If the trustee is unable to obtain* unsecured credit allowable [. . . .] as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt" if certain conditions are met)(emphasis added); *see generally* 11 U.S.C. § 1107 (in chapter 11 bankruptcy cases where no trustee has been appointed, and with certain express exceptions, a debtor in possession generally has the rights and powers of a chapter 11 trustee). Finally, as noted above the Receiver was appointed by a state court prior to bankruptcy. The Receiver has not been appointed to serve as a trustee by this Court after the bankruptcy petition in this case was filed. As a result, the Receiver is nothing more than a "custodian" as that term is defined by the Bankruptcy Code. She is not a trustee. *Compare* 11 U.S.C. § 101(11)(A) *with* 11 U.S.C. § 1104(a)("*At any time after the commencement of the case* but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, *the court shall order the appointment of a trustee*" if certain conditions are satisfied)(emphasis added). Because the Receiver *is* a custodian, she is prohibited from exercising case administration powers by the express terms of 11 U.S.C. 543(a). Because the Receiver *is not* a trustee, there is no statutory basis in the Bankruptcy Code for vesting her with the authority to obtain credit, use cash collateral, or incur debt as requested in Creditor's motion. Creditor's motion is therefore fatally flawed, and must be denied.

14. Although the relief requested in Creditor's motion must be denied, the fact remains that there are two separate cases (the receivership proceeding and this bankruptcy case) that are simultaneously pending before two different courts (one state court and one federal court), in which both courts have jurisdiction over issues related to the administration of a single asset: the Property. Section 305(a)(1) of the Bankruptcy Code provides a roadmap for resolution of such situations, which avoids potentially contradictory outcomes in the two simultaneously pending cases and promotes the interests of judicial economy. More particularly, section 305(a)(1) provides for either dismissal of the bankruptcy case, or abstention and suspension of all proceedings in the bankruptcy case "if the interests of creditors and the debtor would be better served by such dismissal or suspension."

15. "Clearly, the historical and contemporary trend in § 305 case law permits courts to

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay 6

Case: 12-56050    Doc#: 22    Filed: 08/28/12    Entered: 08/28/12 14:47:00    Page 6 of 9

consider a wide variety of factors relevant to the facts of the particular case in determining whether to abstain under § 305." In re Spade, 258 B.R. 221, 231 (Bankr. D. Colo. 2001). Dismissal or abstention under section 305 of the Bankruptcy Code is an appropriate remedy under the specific facts of this case for the following reasons:

- This appears to be a simple two party dispute between the Creditor, who is served by the Receiver, and the debtor. Their dispute is presently the subject of receivership proceedings in state court. It is unclear that there is any prejudice to the parties were their dispute to remain in that forum. Dismissal or suspension is appropriate when, among other things, the case is really a two - party dispute between the debtor and a single creditor. *See* In re ELRS Loss Mitigation, LLC, 325 B.R. 604 (Bankr. N.D. Okla. 2005)

- The availability of another forum to protect the interests of the parties, or whether there is already a pending proceeding in state court, is often considered by courts in determining whether dismissal or abstention and suspension of bankruptcy proceedings pursuant to § 305 is appropriate. In re Spade, 258 B.R. 221, 233 (Bankr. D. Colo. 2001). Here, the pending receivership proceeding provided a sufficient forum to address the dispute between the Debtor and Creditor for some time prior to the filing of this bankruptcy case.

- "The absence of a true bankruptcy purpose (*e.g.*, debt adjustment, breathing spell from creditors, and need for discharge and fresh start) is a significant factor in favor of granting § 305(a)(1) relief." 2 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 305.02[2][b] (16th ed. 2011). *See also* In re Duratech Indus., Inc., 241 B.R. 291, 299 (Bankr. E.D.N.Y. 1999)(" . . . the Court enters an order formally abstaining from further administration of the chapter 11 case under 11. U.S.C. § 305(a) when the chapter 11 case is at bottom a two party dispute between the debtor and another party so that those parties may negotiate a structured dismissal of the case within a short period of time." *and* "There is no legitimate point to be gained in having this Court engage in a more active

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay

Case: 12-56050   Doc#: 22   Filed: 08/28/12   Entered: 08/28/12 14:47:00   Page 7 of 9

administration of this case pending the outcome of litigation before the District Court."). Debtor was found by the state court to have mismanaged the estate. Debtor did not oppose the appointment of a receiver. The Receiver has invested more than three months in the possession, custody and control of the Property, and no complaints regarding the Receiver's efforts are evident from the record. If the Court concludes that the Receiver is performing well and properly administering the Property, no true bankruptcy purpose would be advanced by further proceedings in this case.

- Economy and efficiency of administering the bankruptcy case is a consideration in determining whether dismissal or abstention under section 305(a)(1) is appropriate. In re Spade, 258 B.R. 221, 235 (Bankr. D. Colo. 2001). Debtor will incur administrative costs in this chapter 11 case (*e.g.*, attorney fees, quarterly fees, fees for the trustee (if appointed), and possibly property management fees) that are in duplication of and/or in addition to the ongoing costs in the receivership case. Dismissal or abstention under section 305 would conserve the assets of both the receivership estate and the bankruptcy estate by avoiding unnecessary duplication of costs in the administration of a single asset: the Property. The interests of judicial economy would also be served by having a single court oversee the administration of the Property going forward.

WHEREFORE, the Acting United States Trustee requests that the Court enter an order:

A. Denying the relief requested in Creditor's motion in its entirety;

B. In accordance with 11 U.S.C. § 305(a)(1), either:

    i. Dismissing this bankruptcy case;

    ii. Suspending all proceedings in this bankruptcy case until the receivership case has reached its conclusion, at which point the Court will be able to readily determine whether further bankruptcy proceedings are warranted; or

    iii. Requiring the Receiver to account for and turn over all property of the

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay 8

Case: 12-56050  Doc# 22  Filed: 08/28/12  Entered: 08/28/12 14:47:00  Page 8 of 9

estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed); and

C. Granting such other and additional relief as is just and equitable.

Dated: August 28, 2012

Respectfully submitted,

August B. Landis
Acting United States Trustee
Region 17

By: /s/ Edwina E. Dowell
Edwina E. Dowell, Esq.
Attorney for Acting United States Trustee

Objection of UST to Creditor Bank of Marin's Motion for Order (1) Excusing Receiver From Compliance with 11 U.S.C. §§ 543(a) and 543(b)(1), (2) Granting Receiver Authority to Obtain Credit, Use Cash Collateral, and Incur Debt, and (3) Granting Relief From Automatic Stay

9

Case: 12-56050   Doc #: 22   Filed: 08/28/12   Entered: 08/28/12 14:47:00   Page 9 of 9