**PATRICK D. CALHOUN SBN#56671**
Attorney at Law
333 W. San Carlos Street, Ste. 1700
San Jose, CA 95110
Telephone (408) 279-2288
Facsimile (408) 279-2299
Email: calhounonekgatty@aol.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re: AUTOCARE MALL OF FREMONT, INC. a California Corporation,<br><br>Debtor, | Case No. 12-56050 SLJ<br><br>Chapter 11<br><br>**DECLARATION OF DAN DUC IN SUPPORT OF OPPOSITION TO MOTION FROM RELIEF FROM STAY**<br><br>DATE: December 4, 2012<br>TIME: 10:00 AM<br>PLACE: Courtroom 3099<br>JUDGE: Honorable Stephen L. Johnson |

I, Dan Duc, hereby declare as follows:

1. That I am an adult individual and resident of the State of California and that I have personal knowledge of the facts stated herein and if called upon to do I would and could testify competently thereto

2. That I caused to be incorporated AUTO CARE MALL OF FREMONT, INC., in or about 1999 and that I and my wife, Lynn Duc are the sole shareholders of the company, the debtor herein.

3. That I have been in the business of real estate development and investment for approximately the last 25 years plus. I have been diligent as well as fortunate and I have had a great deal of success over the years.

4. That, however, commencing in or about late 2008 the real estate market went downhill rapidly and credit that was formerly readily available, dried up. Projects that had been going full steam came to a stop. Others were very hard to fund and/or develop.
5. As a result of my business, I have ownership interests that require a great deal of debt service.
6. In or about late 2007 I began what became a very personal and friendly banking relationship with the Bank of Marin (MARIN). In or about February, 2008 I caused the debtor to borrow approximately $6,000,000 from MARIN.
7. Over the years our banking, business and social relationship was mutually beneficial and we enjoyed some success. I came to trust the individuals at the bank, including Mr. Ugarte.
8. I brought much of my personal banking to their bank.
9. Because times were tough, deals were not getting financed or developed at the normal rate and cash flow was very tight requiring that money be moved from place to place in order to service the multiple obligations.
10. The principals at MARIN were aware that the property taxes on the subject ACMF property were behind. They were not worried and in fact during that time we executed some additional unsecured loan arrangements which were satisfied.
11. That in fact because the principals at MARIN knew of and handled some of my personal holdings, they would periodically advise me to transfer money from place to place, including the rents from Debtor. That is, MARIN was aware and participated in rental receipts being paid out to other concerns. This was primarily, I believe, due to their faith that my businesses and those I was a part of or part owner of, would also continue to do well.
12. January 15, 2012 was the first Mortgage payment on the subject property that we failed to make. Unfortunately, other business opportunities had not come to fruition but I believed that one or two of my other land deals would in fact be executed. It was due to this optimism and trust in my abilities that I continued to utilize funds from various sources including Debtor by way of distributions as I had in the past.

The Law Offices of
Patrick D. Calhoun
333 W. San Carlos St.
Ste 1700
San Jose, CA 95110
Ph 408-279-2288
Fax 408-279-2299

*DECLARATION OF DAN DUC IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF*
Case No. 12-56050 SLJ

Case: 12-56050    Doc# 52    Filed: 12/04/12    Entered: 12/04/12 08:52:49    Page 2 of 5

2

13. MARIN was well aware of the fact that some or even one of my deals could come through at any time such that MARIN would be made current.

14. Once Debtor was behind for 90 days MARINE assured me that though it seemed serious, to file suit, they too believed my next venture would generate sufficient funds to cure the default.

15. MARINE counsel Craig Chiang and I spoke directly and at length regarding the steps the Bank was taking including the appointment of a Receiver. He led me to believe it was a formality that operated like a lockbox for rental income and that the Bank's receiver would simply collect those rents to ensure payment of the mortgage.

16. That because I believed the faith and trust worked both ways, I trusted the Bank and I did not oppose the lawsuit against ACMF nor the motion to appoint receiver.

17. It was not until another month and a half had passed and the true steamroller of the Receivership came to bear that I understood more completely what was really happening to my business, ACMF. Though I felt personally morally obligated, I understand business and though I had not done so ever before, I agreed to reorganize the Debtor through Chapter 11 Bankruptcy.

18. That I have not at any time committed any misdeeds or engaged in bad faith of any kind as it relates to the Debtor or this bankruptcy. No movement of money was made in anticipation of bankruptcy. The decision was made on very short notice and no "planning" took place besides meeting with my bankruptcy attorney.

19. That I was informed that a state court receiver was not permitted by law to remain in place during a bankruptcy but I was not so concerned about that as I was the bankruptcy itself because it was foreign to me as a concept.

20. However, when I learned what MARIN had said about me personally and my business practices I was floored. When I learned that MARINs motion to keep the Receiver in place was granted, I was also very unhappy. It seemed that the court believed that I was a person that could not be trusted to handle my own company and payments to its creditors. I understood how a picture like this could be painted, but it is and was untrue

The Law Offices of
Patrick D. Calhoun
333 W. San Carlos St.
Ste 1700
San Jose, CA 95110
Ph 408-279-2288
Fax 408-279-2299

*DECLARATION OF DAN DUC IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF*
Case No. 12-56050 SLJ

3

and I feel that I deserve a shot a redemption. I've not done anything wrong intentionally and while subject to a bankruptcy court's jurisdiction I would comport my behavior.

21. That the statements made regarding me personally and business practices, alleging "bad faith" and misdeeds are highly offensive to me. I have lived a forthright and legal existence in everything that I do. I am not a scofflaw nor a cheat. I am eager for an opportunity to reorganize my business and pay my creditors as I have done throughout my adult life.

22. That I learned of the Bank of America lien against the subject property as being invalid in or about January, 2012 and I have attached a demand letter written by Mr. David Silva, Esq. to Regis Gueirn at the Bank of America demanding that the Deed of Trust that I was somewhat forced to give when trying to settle a dispute be immediately reconveyed.

23. That this proves that neither I nor my counsel committed any "bad faith" in filing the adversary proceeding. WE, they and I were all well aware that the Bank had violated the law in pursuing judgment against me personally prior to acting against the security. It is my understanding that the law is that straightforward and therefore the Lien is waived and the Deed should have been withdrawn. The schedules were amended because the information was a mistake. We all make them.

24. I am an upstanding member of my community and a taxpayer and I am father and have a daughter in college. I am a contributor, not a taker. I do believe that my company, AUTO CARE MALL OF FREMONT deserves the benefit of any doubt (as do I) and it should be run by my wife and I through a designated property manager and we should be given a full and fair opportunity to have and cause the Debtor to pay its creditors. It is my intention, while reserving all rights of the Debtor, to pay all creditors, not just the secured creditors. It is my fervent hope that I be given that opportunity.

The Law Offices of
Patrick D. Calhoun
333 W. San Carlos St.
Ste 1700
San Jose, CA 95110
Ph 408-279-2288
Fax 408-279-2299

*DECLARATION OF DAN DUC IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF*
Case No. 12-56050 SLJ

Case: 12-56050   Doc# 52   Filed: 12/04/12   Entered: 12/04/12 08:52:49   Page 4 of 5

4

| | |
|---|---|
| 1 | That I declare the foregoing to be true and correct to the best of my knowledge under |
| 2 | penalty of perjury under the laws of the State of California. Executed at San Jose, |
| 3 | California on this the 3rd day of December, 2012 |

_____/s/_____
DAN DUC

The Law Offices of
Patrick D. Calhoun
333 W. San Carlos St.
Ste 1700
San Jose, CA 95110
Ph 408-279-2288
Fax 408-279-2299

*DECLARATION OF DAN DUC IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF*
Case No. 12-56050 SLJ

Case: 12-56050   Doc# 52   Filed: 12/04/12   Entered: 12/04/12 08:52:49   Page 5 of 5

5