LAW OFFICE OF PATRICK CALHOUN
PATRICK CALHOUN, ESQ. (BAR #56671)
10797 Ridgeview Way
San Jose, CA 95127
Telephone: (408) 722-8099
E-mail: calhounonekgatty@aol.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:

Auto Care Mall of Fremont, Inc.,

        Debtor.

Case No.: 12-56050 SLJ

Chapter 11

Date: April 4, 2013
Time: 10:00 a.m.
Place: 280 South First Street, Courtroom 3099
      San Jose, CA
Judge: Hon. Stephen L. Johnson

### MEMORANDUM OF POINTS OF AUTHORITIES
### IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE
### AND FOR MISCELLANEOUS RELIEF

Auto Care Mall of Fremont, Inc. ("Debtor"), by and through its attorney of record, submits this Memorandum of Points and Authorities (the "Memorandum") in support of its Motion to Dismiss Bankruptcy Case and Miscellaneous Relief (the "Motion").

### PRELIMINARY STATEMENT

1. This Chapter 11 case is a single asset real estate case. The Debtor owns improved real property located in Fremont, California comprised warehouse buildings devoted to and leased by auto services related business (the "Property"). At the outset of the case, the Debtor's principal creditors were its two secured creditors: Bank of Marin ("BofM") holding a first and second deed of trust on the property securing a principal amount of approximately $5,960,845.00, and Bank of America, N.A. ("BofA") holding a junior deed of trust purporting to secure a debt of approximately $6,000,000.00.

2. The Chapter 11 case was precipitated by the Debtor's default on its obligations to BofM and BofM obtaining the appointment by the Alameda County Superior Court of Susan

Uecker ("Receiver") as a state court receiver for the property. Since the filing of the Chapter 11 case, the Debtor has by means of a substantial equity contribution by Daniel Duc ("Duc"), the Debtor's principal shareholder, resolved the difficulties precipitating the Chapter 11 petition and is in a position to dismiss the Chapter 11 case.

## RELIEF REQUESTED

3. The Motion requests the Court enter an order dismissing the Debtor's Chapter 11 case conditioned on the prompt payment of Debtor's accrued and unpaid fees payable to the United States Trustee together with its undisputed and unpaid administrative expenses and prepetition unsecured claims while retaining jurisdiction to determine the fees and costs due to the Court approved professionals.

## FACTUAL BACKGROUND

4. The Court has been apprised of the general history of the Debtor and this Chapter 11 case through prior pleadings and proceedings, and the Debtor will not restate that history in detail, but will reiterate those facts relevant to this Motion.

5. In January 2013, the Debtor undertook measures to resolve the financial problems precipitating the Chapter 11 case, including the following:

- Pursuant to a Court approved settlement, the Debtor secured the release of the liens against the Debtor's real property in favor BofA secured indebtedness in excess of $3.5 million. The settlement was funded by Duc and confirmed that substantial equity existed in the Debtor's real property.

- On January 24, 2013, the Debtor, with the substantial cash contribution from Duc, paid approximately $795,940.25 to BofM and the Alameda County Tax Collector to effect a complete reinstatement of the BofM loans.

- On or about January 28, 2013, the Receiver turned over to the Debtor

management and possession of the Debtor's real property. Following turnover of the real property, the Receiver has retained possession and control over approximately $82,000 in rent and CAM receipts received during the receivership. The Receiver is submitting a final accounting and report to the Alameda County Superior Court, and the Debtor anticipates that the Receiver will turn over to the Debtor in excess of $50,000 in rent receipts upon approval of the final accounting and report.

6. At this junctive, the Debtor has successfully resolved its financial difficulties and is in a position to proceed to dismiss its Chapter 11 case conditioned upon payment of its minimal administrative and unsecured liabilities.

7. The allowable prepetition claims are unsecured and are set forth below:

| Creditor | Claim Amount |
|---|---|
| A-Best Tree Service | $1,150.00 |
| Alameda County Water District | $420.00 |
| Allied Waste | $2,450.00 |
| AT&T | $70.00 |
| Have Dump Will Travel | $220.00 |
| Pacific Bell | $1,900.00 |
| PG&E | $170.00 |
| Protection One | $270.00 |
| Travelers Ins | $830.00 |
| **TOTAL:** | **$7,480.00** |

## ARGUMENT

**A. The Court Should Dismiss the Chapter 11 Case Conditioned On The Payment Of Remaining Claims and Fees**

**(I) Dismissal Is Appropriate Under Bankruptcy Code §305**

8. Section 305(a)(1) of the Bankruptcy Code provides that a bankruptcy court may dismiss a bankruptcy case if "the interests of creditors and the debtor would be better served by such dismissal…" The authority to dismiss a case pursuant to Section 305(a)(1) applies not only to involuntary cases and requests by creditors, but also to requests by debtors in voluntary cases. *See,*

*e.g.,* In re Capistran Associates, 66 B.R. 421 (Bankr. S.D. Fla. 1986); In re Colonial Ford, Inc., 24 B.R. 1014 (Bankr. D. Utah 1982).

9. In recognition that the bankruptcy process can be expensive, distracting and inefficient means to resolve certain controversies, a central purpose of Section 305(a)(1) is to facilitate out-of-court workouts where possible. The legislative history to Section 305 provides:

> The court may dismiss or suspend under the first paragraph, for example, if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the results of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment. The less expensive out-of-court workout may better serve the interests in the case.

H.R. Rep. No. 95-595 95th Cong., 1st Sess. 325, U.S. Code Cong. & Admin. News, p. 6281. *See also,* In re Colonial Ford, Inc., 24 B.R. at 1015 ("Section 305(a)(1) reflects a policy, embodied in several sections of the Code, which favors "workouts": private, negotiated adjustments of creditor-company relations. Congress designed the Code, in large measure, to encourage workouts in the first instance, with refuge in bankruptcy as a last resort.").

10. Dismissal of the Chapter 11 case is in the best interests of the Debtor and its creditors for the following reasons:

- The Debtor's Chapter 11 case was precipitated by its default under the BofM loans. The Debtor has now reinstated those loans, and accordingly, the principal cause for the Chapter 11 case has been resolved and the Debtor does not require further Court action or relief to rehabilitate its business.

- Given that the BofM loans have been reinstated and the other unsecured claims are to be paid in full, there is no longer any reason for the Debtor to seek bankruptcy relief or protection.

11. Where a debtor can pay claims in full without the need for confirmation of a plan, dismissal is appropriate. *See, e.g.* In re Walter, 108 B.R. 244, 251 (Bankr. C.D. Cal. 1989)

("[D]ismissal would be in the best interest of creditors because the Debtors have sufficient assets to pay off their creditors in full and creditors would be paid in a more expedited basis outside of bankruptcy."). The Debtor has reinstated the BofM loans and prepared to pay its remaining creditors in full promptly on dismissal from the funds to be turned over by the Receiver.

**(II) Dismissal Is Appropriate Pursuant To Section 1112(b) Of The Bankruptcy Code**

12. Dismissal is also appropriate under Section 1112(b) of the Bankruptcy Code, which provides that a bankruptcy court shall dismiss a chapter 11 case if the movant establishes "cause." A debtor may request a voluntary dismissal pursuant to Section 1112(b). *See, e.g.,* In re OptInRealBig.com, LLC, 345 B.R. 277, 282-83 (Bankr. D. Colo. 2006). A request for voluntary dismissal should be granted unless a creditor can establish "legal prejudice." *See e.g.*, In re Hickman, 384 B.R. 832, 840 (Bankr. 9th Cir. 2008).

13. The Debtor's bankruptcy case was triggered by the default under the BofM loans: those loans have been reinstated and accordingly, continuation of the case serves no purpose that will benefit the Debtor, its creditors, or its equity holders. Where the primary cause of a bankruptcy case is resolved without the need for confirmation of a plan, dismissal is appropriate. Dismissal of the Chapter 11 case is appropriate in light of the reinstatement of the BofM loans.

**B.  The Bankruptcy Court Should Retain Jurisdiction For The Limited Purpose Of Determining The Compensation Due Court Approved Professionals**

14. Dismissal of a bankruptcy case does not automatically divest the bankruptcy court of related cases. *See, e.g.*, In re Carraher, 971 F2d 327 (9th Cir. 1992). A bankruptcy court will frequently retain jurisdiction over the allowance and payment of the compensation and expenses claimed due by a professional approved to provide services to the bankruptcy estate. *See, e.g.,* In re Shop Television Network, Inc., 79 F3d 1154 (9th Cir. 1996).

15. The Debtor obtained Court approval for the employment of the Law Office of Patrick Calhoun as general bankruptcy counsel, and the Debtor requests that the Bankruptcy Court

1 retain jurisdiction over the allowance of the final compensation and expenses of this professional.

## CONCLUSION

16. This Chapter 11 case has served its purposes, and the Debtor does not require further intercession by the Bankruptcy Court to rehabilitate its business and financial affairs. Accordingly, the Debtor requests that the Court enter an order dismissing the Chapter 11 case on the terms and conditions set forth above and retain jurisdiction over the allowance and payment of compensation and expense of approved professionals.

Dated: March 14, 2013

Respectfully submitted,

LAW OFFICES OF PATRICK CALHOUN

/s/ Patrick Calhoun
Patrick Calhoun, Esq.
Attorneys for Debtor